McMartin, Appellant, *v.* Adams, Respondent.

1. A petition, which states that the defendant "made his note, and thereby promised to pay," &c., is sufficient, although the note, on its face, appears to have been executed by the defendant, as attorney for other parties. Under this allegation, the plaintiff may prove such facts as make the defendant personally liable.

*Appeal from St. Louis Circuit Court.*

No further statement of the case is necessary, than is contained in the opinion of the court.

*McMartin & Holmes*, for appellant.

The allegation that the defendant " made his note by the style of J. H. & W. R. Adams, by W. F. Adams, attorney, and thereby promised," &c., is sufficient in law, if true in fact, to charge the defendant as maker. The meaning of these words is matter of evidence. 2 Smith's Lead. Cases, 307. On a note so signed, the pretended agent will be individually liable, if he, in fact, have no principal ; and this is matter of evidence. Story's Agency, § 264, 264 *a* and notes. 2 Smith's Lead. Cases, 303, 307. Chitty on Con. 227 and notes. Paley on Agency, by Dunlap, 387 and notes. *Dusenbury* v. *Ellis*, 3 Johns. cases, 70. *Rossiter* v. *Rossiter*, 8 Wend. 494.

*Todd & Krum* and *Harding*, for respondent.

The note sued on was signed in the exact manner pointed out by the law, when an agent wishes to bind his principal and not himself ; and the agent cannot be made liable upon an instrument executed in such manner, unless facts, outside of the instrument, and sufficient to create such liability, are alleged to exist. 12 Mo. Rep. 488. Story's Agency, § 263. Under the new code, the petition should apprise the defendant of the ground on which he is sought to be charged, so that he may not be surprised.

Gamble, Judge, delivered the opinion of the court.

The petition of the plaintiff alleged that the defendant " made his certain promissory note in writing, by the name and style of J. H. & W. R. Adams, by W. F. Adams, att'y, by

him subscribed thereto, and thereby, then and there promised," &c.    A demurrer was filed to this petition, and was sustained by the Circuit Court.    It is insisted, in support of the demurrer, that, by the note, as it is alleged to have been executed by the defendant, he did not bind himself, as a principal, but that he is to be taken to have executed the note as an attorney, unless the fact is averred in the petition, either that he was a partner in the firm of J. H. & W. R. Adams, or that, professing to act as attorney, he acted without authority.    It is a sufficient answer to this objection to the petition, that it expressly charges that he " made *his* promissory note," and that " *he* thereby promised."    The burden of showing that the note bound him as principal is upon the plaintiff, unless the defendant, when he comes to answer, is constrained to admit the fact.    The charge is sufficiently clear to require him to answer. The demurrer was improperly sustained.    Let the judgment be reversed, and the cause remanded.